# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| HAKEEN MAKIN, | ) | CASE NO. 1:19-cv-1211 |
| | ) | |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN LYNEAL WAINWRIGHT, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |
| | ) | |

On September 8, 2020, Magistrate Judge Kathleen B. Burke issued a Report and Recommendation ("R&R") recommending dismissal of the petition for writ of habeas corpus filed by pro se petitioner Hakeen Makin ("Makin" or "petitioner"). (Doc. No. 13.) Makin timely filed his objections pursuant to Fed. R. Civ. P. 72(b)(2).[1] (Doc. No. 18.) Respondent has not filed any opposition to the objections. For the reasons set forth herein, Makin's petition for writ of habeas corpus is denied in its entirety.

## I.      Legal Standard

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See also Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court

---

[1] Makin's objections were filed timely under the "prison mailbox rule," but were not received by the Court until after it had already issued a Memorandum Opinion and Judgment Entry dismissing the case. By prior order, the Court vacated the dismissal and indicated that it would give de novo review to Makin's objections. (*See* Doc. No. 19.)

in light of specific objections filed by any party."); Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). After review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Although the Court must review de novo any matter properly objected to, in the habeas context, it must do so under a deferential standard.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)–(2). In *Harris v. Stovall*, 212 F.3d 940 (6th Cir. 2000), the Sixth Circuit, variously quoting *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000), noted the Supreme Court's explanation of these standards:

> [A] decision of the state court is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." [citation omitted]. . . . [A]n "unreasonable application" occurs when "the state court identifies the correct legal principle from [the Supreme] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." [citation

omitted]. A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." [citation omitted].

*Id*. at 942.

## II.    De Novo Review

The R&R sets forth in detail the procedural history of this case, including Makin's state court conviction on three counts of felonious assault of a police officer and one count of failure to comply with a police order (Doc. No. 13 at 3–7[2]), his direct appeal (including his failure to seek review by the Ohio Supreme Court) (*id*. at 7–8), and his application to reopen his appeal, over which the Ohio Supreme Court declined to exercise jurisdiction (*id*. at 9–10). Makin has not challenged any of these procedural descriptions in the R&R, and they are adopted.

Makin's petition for habeas corpus raised three grounds for relief. The R&R recommends denial of the petition on all three grounds. Makin's objections challenge two of the three recommendations in the R&R, "agreeing] with the Magistrate in reference to Ground Two . . . and [ ] not object[ing] to the Magistrate's recommendation regarding Ground Two." (Doc. No. 18 at 1.) The recommendation as to ground two is adopted.

The Court will address de novo Makin's objections with respect to grounds one and three.

### A.    Ground One

In this ground of his petition, Makin asserts "[i]neffective assistance of appellant [sic] counsel for not presenting that the trial court violated [his] constitutional right and prejudiced him and abused its discretion when it failed to grant petitioner a continuance to secure the appearance

---

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the electronic filing system, a citation practice recently adopted by this Court despite a different directive in the Initial Standing Order for this case.

of 'expert witness Jeff White.'" (Doc. No. 1 at 5.) As "supporting facts" for this ground, Makin

offers the following:

> Appellate counsel . . . failed to mention the importance of securing expert witness
> Jeff White but spoke about a possible witness by the name of Melvin Robertson
> who wouldn't of [sic] helped or hurt the defense if he had appeared or not appeared.
> The fact is Jeff White assessed petitioner's damages to his vehicle which was a
> rental car and would have further explained exactly how the damages occurred and
> if petitioner hit something or if another vehicle crashed into petitioner and also
> explained or would have explained the fact that petitioner was stationary or mobile
> when the collision happened and the fact that petitioner never collided head on with
> U.S. Marshall [sic] Snacks vehicle and how petitioner's damages are inconsistent
> with the Marshalls [sic] testimony.

(*Id*.)

On Makin's direct appeal, in the second assignment of error, appellate counsel had asserted

abuse of discretion by the trial court for denying defense counsel's request for a continuance in

order to secure the appearance of a single witness—Melvin Robertson—who, although

subpoenaed the day before trial, had failed to appear. (*See* Doc. No. 10-1 at 51, 88.) The Ohio

court of appeals, noting that defense counsel had stated on the record that Robertson's absence did

not cause any prejudice to Makin, concluded that Robertson's testimony "would have been more

cumulative than substantially favorable to Makin[,]" and, therefore, the court found no abuse of

discretion. (*Id*. at 92.)

In his pro se application to the state court to reopen his appeal, Makin claimed that appellate

counsel was ineffective on direct appeal due to his failure to additionally raise as error the trial

court's abuse of discretion with respect to a continuance to secure a *second* witness who had also

been subpoenaed the day before trial but failed to appear and who had been included in defense

counsel's motion for continuance—defense "expert" witness, Jeff White. (*See* Doc. No. 10-4,

Transcript at 98–101 (identifying both Robertson and White as witnesses and, notably, indicating

4

that White "works in the auto repair business and is an expert on auto mechanics repair and damage").)

In ruling on the application to reopen, the court of appeals identified the standard for ineffectiveness of counsel set forth in *Strickland v. Washington*, 466 U.S. 688, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) (deficient performance by counsel resulting in prejudice to counsel's client) (*see* Doc. No. 10-1 at 158), but concluded that, since "the general issue of a continuance, based upon the request to secure the appearance of witnesses has already been addressed on appeal, . . . the doctrine of res judicata prevents its further review through this application for reopening." (*Id*. at 162; *see also id*. at 160 ("principles of res judicata may be applied to bar the further litigation of issues that were raised previously or could have been raised previously in an appeal." (citing *State v. Perry*, 226 N.E.2d 104 (1967))).) The court also made the following findings, which this Court must presume are correct absent clear and convincing evidence to the contrary:

> In addition, we find that Makin has failed to demonstrate that any substantial favorable evidence would have been adduced at trial if Jeff White had appeared at trial and testified as an expert witness with regard to any damages sustained by Makin's motor vehicle or any other motor vehicle. Once again, we find that the trial court did not abuse its discretion in denying Makin's request for a continuance. Makin has failed to demonstrate that he was prejudiced through his second proposed assignment of error.

(*Id*. at 162–63.)

In the R&R, the magistrate judge first generally (and correctly) noted that an Ohio Rule 26(B) application based on ineffective assistance of counsel does not function to preserve the underlying substantive claim. (Doc. No. 13 at 16 (citing cases).) In his objections to the R&R, Makin misses this subtle analytical nuance—devoting his entire argument to explaining why he believes he needed the testimony of "collision expert Jeff White" and what that testimony would have been. (Doc. No. 18 at 2–5.) But, to the extent Makin is attempting to assert on habeas a

5

violation of an underlying due process right to compulsory process of a witness, that issue was not preserved by raising an ineffective assistance of counsel claim in his motion to reopen.

As to the ineffectiveness claim itself, Makin has not established that it was ineffective for appellate counsel to fail to challenge on direct appeal the trial court's exercise of its discretion to deny a continuance to obtain the appearance of Jeff White, "an alleged expert who had not produced an expert report[.]" (Doc. No. 13 at 24.) Under Ohio R. Crim. P. 16(K), "[a]n expert for either side" must be disclosed at least twenty-one (21) days before trial and must prepare a written report including the expert's testimony, findings, analysis, conclusions, opinions, and qualifications; failure to disclose such a report "shall preclude the expert's testimony at trial." The Court notes that, in his fifth assignment of error on direct appeal, Makin did claim ineffectiveness of trial counsel relating to the failure to produce an expert report and/or to timely subpoena the expert to testify. (*See* Doc. No. 10-1 at 60.) But the Ohio court of appeals rejected that argument, finding that "[a] review of the record reveals that defense counsel's alleged failure . . . was attributable to Makin." (*Id*. at 98 (noting that "[d]efense counsel stated, 'I was not aware of my client's desire to call this witness [White] at the first pretrial.'").)

As a result, no matter how compelling Jeff White's potential testimony may now seem to Makin, he has failed to demonstrate that he suffered any prejudice due to appellate counsel's failure to include Jeff White as part of the second assignment of error on direct appeal.

As to ground one, Makin has failed to show the State appellate court deciding his application to reopen made a decision that was either (1) contrary to, or an unreasonable application of, clearly established federal law, or (2) resulted from an unreasonable determination of the facts in light of the evidence presented.

Makin's objection as to ground one is overruled.

6

### B.    Ground Three

In this ground of his petition, Makin asserts "[i]neffective assistance of appellant [sic] counsel for not presenting that the trial court violated [his] constitutional rights due to the state losing or destroying and not preserving materially exculpatory evidence and that being the front end of U.S. Marshall Snacks [sic] 2008 Dodge Caravan." (Doc. No. 1 at 8.)

As "supporting facts" for this ground, Makin states:

> On record when a picture was shown of Officers Snacks [sic] Dodge Caravan Officer Snack stated that the front grill and bumper are not on the vehicle and the State didn't have any pictures of the front end of the van anywhere. On the front end of petitioner's vehicle they're [sic] were mostly scrapes on the front end and with the evidence of the U.S. Marshalls [sic] front end it would have been absolutely clear that the petitioner and the U.S. Marshalls [sic] vehicles never collided and no accident ever occurred.

(*Id*.)

In his application to reopen his appeal, Makin assigned error to both his trial counsel and his appellate counsel "for not raising prosecutorial misconduct due to the State losing or destroying and not preserving materially exculpatory evidence and that being the front end of U.S. Marshal Snack's 2008 Dodge Caravan[.]" (Doc. No. 10-1 at 142.) The State court of appeals stated:

> Herein, we find no prosecutorial misconduct based upon the failure of the prosecutor to preserve or present alleged exculpatory evidence at trial. Exhibit Nos. 4, 6–9, 11, 12, 32–44, and 46–55, and photographs of the motor vehicle operated by Makin and the motor vehicle operated by the U.S. Marshal, clearly demonstrate the damage sustained by each vehicle that resulted from a collision between the two motor vehicles. Makin has failed to demonstrate how the failure of the prosecutor to present at trial the actual grill and front bumper of the motor vehicle operated by the U.S. Marshal resulted in prejudice. In addition, Makin has failed to provide this court with any evidence to support the claim that the prosecutor destroyed or hid exculpatory evidence. . . .

(*Id*. at 164–65.)

7

The R&R concluded as to ground three as follows:

> Makin's arguments . . . amount to a request that this Court consider his claim of ineffective assistance of appellate counsel and the underlying claim of prosecutorial misconduct de novo. However, as explained herein, where the state court has considered the claim on the merits, as the state court of appeals did when deciding Makin's App. R. 26(B) application, deference under 28 U.S.C. § 2254 applies. [citation omitted]. Makin has failed to argue or demonstrate that the state court of appeals' determination was contrary to or an unreasonable application of clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Accordingly, the undersigned recommends that the Court **DENY** Ground Three on the merits.

(Doc. No. 13 at 29–30.)

In his objections with respect to ground three, Makin persists in his argument on the merits—asserting prosecutorial misconduct based on an alleged *Brady*[3] violation. (*See* Doc. No. 18 at 6–8.) Makin claims that the front end of the Dodge Caravan driven by the U.S. Marshal "was favorable to the defense" and, had it been produced, his defense counsel "could of [sic] easily compared the non damaged [sic] front end of petitioner's vehicle to the wrecked front end of [the Marshal's] van and explained to the jury that its [sic] impossible the two vehicles was [sic] involved in a head on collision." (*Id*. at 8.)

But the issue here is ineffectiveness of appellate counsel for failure to raise on direct appeal this alleged *Brady* violation. As already noted in the discussion of ground one, a claim of ineffective assistance of counsel does not preserve any underlying substantive claim. Makin's arguments on the merits of that underlying *Brady* claim are insufficient to establish ineffectiveness of appellate counsel under *Strickland*. Even *if* the Court were to assume that counsel *should* have

---

[3] *See Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963) ("suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution[]").

raised this issue on direct appeal, Makin has failed to show how failure to do so prejudiced him, since the State court of appeals ruling on his motion to reopen specifically addressed the issue and found that the State's failure to produce the actual physical grill from the Dodge Caravan was not prejudicial to Makin because of all the vehicle photographs that were admitted at trial.

Despite the lengthy *Brady* argument in his objections, Makin has not established that the decision of the State court of appeals with respect to this issue in his application to reopen was either (1) contrary to, or an unreasonable application of, clearly established federal law, or (2) resulted from an unreasonable determination of the facts in light of the evidence presented.

Makin's objection as to ground three is overruled.

## III.    Conclusion

Upon de novo review of the objections, all matters raised in Makin's objections are overruled. Accordingly, the Court denies the petition in its entirety. Further, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §§ 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: March 7, 2022

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

9